**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**NOVEMBER 22, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38368-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| RICHARD SCOTT MOOSE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Richard Moose attempted to light a car on fire and intentionally lit a police dog on fire while resisting arrest. The State filed four charges against him—attempted arson in the second degree, harming a police dog, resisting arrest, and attempted malicious mischief in the third degree. A jury convicted him of all charges.

This appeal presents the question of whether arson in the second degree and malicious mischief in the third degree are concurrent statutes, so that the State may charge only the former, more specific offense, rather than both. We conclude they are not.

This appeal also presents the question of whether "maliciously"—generally defined as an evil intent to annoy or injure "another person"—extends to police dogs for

No. 38368-7-III
*State v. Moose*

purposes of RCW 9A.76.200(1), which makes it a felony to "maliciously" harm a police dog. The definitional statute does not require a wooden application of defined terms. We conclude that "maliciously," for purposes of RCW 9A.76.200(1), includes acts against police dogs.

We affirm Mr. Moose's four convictions and remand for amendment of his community custody term or for resentencing so his combined term of incarceration and community service does not exceed the statutory maximum of 60 months.

FACTS

Late one evening, the Yakima Police Department received a report of a man, later identified as Richard Moose, vehicle prowling in a closed car dealership parking lot. When the police responded and spoke to Mr. Moose, he became agitated, hid between two cars, and refused an officer's request to either leave the property or come out and speak with the them. Mr. Moose then used an aerosol can and a butane lighter to create a fireball. The police requested additional units and the fire department because of their concern for injuries or damage to the car dealership.

As additional units arrived, police saw a sock hanging from the gas tank of one of the cars next to Mr. Moose. Mr. Moose continued to use the aerosol can and lighter to create fireballs, telling the police to leave. He directed the fireballs toward the sock in the

2

No. 38368-7-III
*State v. Moose*

car's gas tank, and it appeared to officers he was attempting to ignite the sock and light the car on fire.

Mr. Moose continued to ignore the officers' commands to come out from between the cars and the police decided to use a police dog, K-9 Trex, to help take Mr. Moose into custody. As K-9 Trex approached Mr. Moose, he shot a fireball at the dog, lighting his head on fire. K-9 Trex retreated, the fire quickly extinguished itself, and the dog bravely reengaged and helped subdue Mr. Moose so officers could take him into custody. The dog's whiskers and eyelashes were burned off and the fur on his head was singed.

By second amended information, the State charged Mr. Moose with four offenses: count 1—attempted second degree arson (RCW 9A.48.030 and RCW 9A.28.020), count 2—harming a police or accelerant detection dog (RCW 9A.76.200), count 3—resisting arrest (RCW 9A.76.040), and count 4—attempted third degree malicious mischief (RCW 9A.48.090 and RCW 9A.28.020). A jury convicted him on all counts, and the trial court sentenced Mr. Moose to 46 months of imprisonment and 18 months of community custody.

Mr. Moose timely appealed.

3

No. 38368-7-III
*State v. Moose*

ANALYSIS

A.    CONCURRENT STATUTES

Mr. Moose argues his conviction for attempted third degree malicious mischief (the general statute) must be vacated under the "general-specific rule" because the statute criminalizing that offense is concurrent with the statute criminalizing arson in the second degree (the specific statute). He did not raise this argument below.

The State does not contend that Mr. Moose's argument is unpreserved for appeal. We nevertheless consider it prudent to discuss this procedural issue.

Generally, we decline to address issues not preserved by argument or an objection at trial. RAP 2.5(a). The underlying policy of the rule is to "encourag[e] the efficient use of judicial resources. The appellate courts will not sanction a party's failure to point out at trial an error which the trial court, if given the opportunity, might have been able to correct to avoid an appeal and a consequent new trial." *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

An exception allows review of unpreserved errors if they are manifest errors of constitutional magnitude. RAP 2.5(a)(3). That exception does not apply here because the question of whether the two statutes are concurrent is one of statutory construction, rather

4

No. 38368-7-III
*State v. Moose*

than an issue of constitutional dimension.[1] *State v. Shriner*, 101 Wn.2d 576, 580, 681 P.2d 237 (1984).

Pitted against our inclination to dismiss Mr. Moose's argument by applying RAP 2.5(a) is RAP 12.1(a). Under the latter rule, we generally decide a case only on the basis of issues set forth in the parties' briefs. An exception to that rule permits us to raise a new issue, provided we first direct the parties to file supplemental briefs on that issue. RAP 12.1(b).

The policy behind RAP 12.1(a) is important. By limiting our review to the issues raised by the parties, we preserve our role as neutrals, rather than risk being viewed as advocates by raising an issue missed by one of the parties.

Because the State does not argue that the issue of concurrent statutes is unpreserved, we decline to apply RAP 2.5(a). We now address the substantive issue raised by Mr. Moose.

---

[1] Offenses that are prosecuted under similar statutes can also offend the constitutional prohibition against double jeopardy, which prevents multiple punishments for the same offense. *See State v. Calle*, 125 Wn.2d 769, 775-76, 888 P.2d 155 (1995). But Mr. Moose does not raise a double jeopardy challenge.

No. 38368-7-III
*State v. Moose*

We must decide whether RCW 9A.48.090(1)(a)[2] (malicious mischief in the third

degree) and RCW 9A.48.030(1) (arson in the second degree) are concurrent statutes for

purposes of the "general-specific" rule. Judge Glasgow recently set forth the law on this

subject very well in *State v. Guang None Zheng*:

> "The general-specific rule is a well established rule of statutory
> construction." *State v. Numrich*, 197 Wn.2d 1, 13, 480 P.3d 376 (2021).
> Under this rule, "[if] a special statute punishes the same conduct [that] is
> punished under a general statute, the special statute applies and the accused
> can be charged only under that statute." *Id.* Put another way, whenever two
> concurrent statutes govern the same subject matter and cannot be
> harmonized, the specific statute prevails "unless it appears that the
> legislature intended to make the general act controlling." *Id.*
>
> The general-specific rule applies only when two statutes are
> concurrent. Statutes are concurrent when "the general statute will be
> violated in each instance where the special statute has been violated." *Id.*
> "The determinative factor is whether it is possible to commit the specific
> crime without also committing the general crime." *State v. Ou*, 156 Wn.
> App. 899, 902-03, 234 P.3d 1186 (2010). For purposes of the general-
> specific test, "[i]t is not relevant that the special statute may contain
> additional elements not contained in the general statute." *Numrich*, 197
> Wn.2d at 13.
>
> "Statutes are concurrent if all of the elements to convict under the
> general statute are also elements that must be proved for conviction under
> the specific statute." *Ou*, 156 Wn. App. at 903. And because we consider
> the elements that must be proved for a conviction under each statute in the
> abstract, we look at "the elements of the statutes, not the facts of the
> particular case." *Id.* In sum, if there is any possible way for a person to

---

[2] Malicious mischief in the third degree can be committed in one of two ways,
either under RCW 9A.48.090(1)(a) or (1)(b). The charging language in the second
amended information and the jury instruction given by the trial court show that the State
elected the former subsection.

6

No. 38368-7-III
*State v. Moose*

> violate the specific statute but not the general statute, the two statutes
> cannot be concurrent.  We review this question de novo.

18 Wn. App. 2d 316, 322-23, 491 P.3d 254 (internal quotation marks and citations

omitted) (alterations in original), *review denied*, 198 Wn.2d 1024, 497 P.3d 394 (2021).

We now examine the elements of both statutes.

A person is guilty of malicious mischief in the third degree if he or she knowingly

and maliciously causes physical damage to the property of another.  *See State v. Wooten*,

178 Wn.2d 890, 894, 312 P.3d 41 (2013) (reciting elements plus damage required for first

degree malicious mischief); RCW 9A.48.090(1)(a) (no damage amount required).

A person is guilty of arson in the second degree if he or she knowingly and

maliciously causes a fire or explosion that damages property.  *State v. Westling*, 145

Wn.2d 607, 610, 40 P.3d 669 (2002); RCW 9A.48.030(1).

One readily sees that a person can commit the more specific offense of arson in the

second degree without also committing malicious mischief in the third degree: the person

can cause a fire or explosion to their own property.  We conclude the two statutes are not

No. 38368-7-III
*State v. Moose*

concurrent and affirm Mr. Moose's conviction of the challenged offense, attempted malicious mischief in the third degree.[3]

We are critical of this result because the arson statutes already punish an offender more harshly than the malicious mischief statutes. For instance, arson in the first degree is a class A felony, whereas malicious mischief in the first degree is a class B felony. *Compare* RCW 9A.48.020(2) *with* RCW 9A.48.070(2). Similarly, arson in the second degree is a class B felony, whereas malicious mischief in the second degree is a class C felony. *Compare* RCW 9A.48.030(2) *with* RCW 9A.48.080(2). Because arson is already punished more severely than malicious mischief, it seems incongruent to allow the State to add an additional charge for the same conduct of attempting to explode the car. This may well be a legislative omission.

B.      SUFFICIENCY OF THE EVIDENCE OF HARMING A POLICE DOG

Mr. Moose contends the State failed to prove each element of RCW 9A.76.200, harming a police dog, beyond a reasonable doubt. He raises this argument for the first time on appeal. But here, the State cites RAP 2.5(a) and argues we should not consider the unpreserved claim of error.

---

[3] We express no opinion whether Mr. Moose's convictions for attempted malicious mischief in the third degree and attempted arson in the second degree violate his guaranty against double jeopardy.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38368-7-III
*State v. Moose*

Mr. Moose frames his challenge as a due process issue regarding the sufficiency of the State's evidence. We conclude that his claim involves a manifest error of constitutional magnitude, reviewable although not preserved with an objection or argument below. *See State v. Cardenas-Flores*, 189 Wn.2d 243, 251, 401 P.3d 19 (2017).

Mr. Moose's sufficiency argument is intertwined with issues of statutory interpretation. He argues RCW 9A.76.200 requires proof a person "maliciously" harmed a police dog; RCW 9A.04.110(12) in turn defines "maliciously" as "an evil intent, wish, or design to vex, annoy, or injure another person" and because Mr. Moose harmed a police dog, not "another person," the State failed to prove he acted maliciously as required by RCW 9A.76.200.

Mr. Moose's argument is unconvincing. He ignores the prefatory phrase that precedes the statutory definitions: "In this title *unless a different meaning plainly is required* . . . 'maliciously' shall import an evil intent, wish, or design to vex, annoy, or injure another person." RCW 9A.04.110(12) (emphasis added).

A statute criminalizing malicious injury of a police dog plainly requires a definition of "maliciously" that applies to police dogs. Further, Mr. Moose's reading of "maliciously" in RCW 9A.76.200 to require acting against "another person" violates multiple canons of statutory interpretation. Statutes should be interpreted so that no

9

No. 38368-7-III
*State v. Moose*

portion is rendered meaningless and so as to avoid absurd results. *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 571, 475 P.3d 497 (2020). Mr. Moose's interpretation does precisely the opposite. He suggests we read RCW 9A.76.200 so as to render the entire statute meaningless. This is an absurd result that was clearly not intended by the legislature. The State was not required to prove Mr. Moose harmed "another person" to prove he harmed a police dog, and the evidence at trial was sufficient to sustain his conviction.

C.      EXCESSIVE SENTENCE

Mr. Moose contends his total sentence of confinement and community custody exceeds the statutory maximum allowable for attempted second degree arson. The State concedes, and we agree.

Former RCW 9.94A.701(9) (2010) requires the sentencing court to reduce the term of community custody "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime . . . ." Mr. Moose's most serious offense, attempted second degree arson, is a class C felony with a maximum term of confinement of 5 years (60 months). RCW 9A.48.030; RCW 9A.28.020; RCW 9A.20.021(1)(c). Mr. Moose's total confinement and community custody totals 64 months, greater than the statutory maximum. This is not a permissible

10

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38368-7-III
*State v. Moose*

result. We remand for the trial court to either amend the term of community custody or resentence Mr. Moose consistent with former RCW 9.94A.701(9). *See State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

Affirmed, but remanded for amendment or resentencing.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Pennell, J.

11